IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **KCM RANCH HOLDINGS, LLC,** § § § | | |
| **Plaintiff,** § § | **CASE NO.** | 6:20-cv-184 |
| **v.** § § § | | |
| **THE AMERICAN INSURANCE COMPANY,** § § § § | | |
| **Defendant.** § | | |

## NOTICE OF REMOVAL

Defendant, The American Insurance Company ("AIC" or "Defendant"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## BACKGROUND

1. On February 19, 2020, KCM Ranch Holdings, LLC ("Plaintiff") filed its Original Petition ("Petition") against Defendant in the 220th Judicial District Court of Bosque County, Texas (the "Action"). Generally, Plaintiff alleges that Defendant willfully and intentionally failed to honor its obligations under an insurance policy after Plaintiff made a claim for damage to a roof following a hail storm. Plaintiff asserts claims for violations of Tex. Ins. Code §§ 541.060(a), 541.061, 542.003, and 542.055 as well as violations of several subsections of the Tex. Bus. & Com. Code §§ 17.46(b). Plaintiff further alleges that Defendant breached the insurance contract.

2. Plaintiff served Defendant with process through its registered agent on February 24, 2020. Accordingly, this removal is timely pursuant to 28 U.S.C. §1446(b).

## **DIVERSITY JURISDICTION UNDER 28 U.S.C. §1332 AND §1441**

3. This Court has original jurisdiction over the Action pursuant to 28 U.S.C. §§1332 and 1441 because: (1) there is complete diversity between Plaintiff and AIC; and (2) the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A. Complete Diversity Exists.**

4. Upon information and belief, Plaintiff is a resident of the state of Texas. For purposes of complete diversity, the citizenship of an LLC is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). At the time of the commencement of this suit and since then, Plaintiff has been a Texas limited liability company whose sole member is Jeff Hansen. According to Plaintiff's filings with the Texas Secretary of State, as of 2018, Mr. Hansen resided in Arlington, Texas. Additionally, Mr. Hansen is counsel of record in this matter, and his signature block reflects a current business address in Arlington, Texas.

5. AIC is a citizen of the states of Ohio and Illinois. A corporation is deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. 28 U.S.C. § 1332. At the time of the commencement of this suit and since then, Defendant has been a corporation organized under the laws of the state of Ohio with its principal place of business in the state of Illinois. Therefore, AIC is a citizen of Ohio and Illinois within the meaning of 28 U.S.C. § 1332(c) and is completely diverse from Plaintiff, a resident of Texas.

**B. Amount in Controversy is Met.**

6. The amount in controversy in this matter exceeds $75,000 exclusive of interest and costs. "[A] defendant's notice of removal need include only a plausible allegation that the

amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Here, Plaintiff's petition states that "Plaintiff seeks monetary relief of over $1,000,000.00." Plaintiff's First Am. Pet. at ¶ 4. Additionally, Exhibit "A" to Plaintiff's First Amended Petition reflects that, prior to commencing the Action, Plaintiff estimated his damages to be $708,500.00. *See Exh.* "A" at p. 6. Therefore, the amount in controversy has been met.

**VENUE PROPER IN THIS COURT**

7. Venue in this Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a), which provide for removal of any civil action to the federal district court for the district and division embracing the place where the state court action is pending. This Court embraces the 220th Judicial District Court of Bosque County, Texas, which is the state court in which this Action was filed and pending. 28 U.S.C. §§ 1391 and 1441(a).

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL SATISFIED**

8. Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders from the state court file of the Action are being filed with this Notice of Removal. Pursuant to 28 U.S.C. §1446(d), written notice of filing of this Notice of Removal will be given to Plaintiff promptly after filing the same, and a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 220th District Court of Bosque County, Texas.

9. Based upon the foregoing, AIC is entitled to remove this Action to this Court under 28 U.S.C. §§ 1332, 1441 and 1446.

WHEREFORE, AIC serves this Notice that this Action has been removed to the United States District Court for the Western District of Texas, Waco Division.

Respectfully submitted,

DYKEMA GOSSETT PLLC
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500 – Telephone
(210) 226-8395 – Facsimile


By: */s/ Thomas E. Sanders*
Thomas E. Sanders
State Bar No. 00794589
tsanders@dykema.com
Neyma E. Figueroa
State Bar No. 24097684
nfigueroa@dykema.com

***ATTORNEYS FOR DEFENDANT,***
***THE AMERICAN INSURANCE COMPANY***


## CERTIFICATE OF SERVICE

I certify that the foregoing document has been served on the following counsel of record via the court's ECF system in accordance with the Federal Rules of Civil Procedure on March 13, 2020.

Jeffrey E. Hansen
State Bar No. 00784208
HANSEN & ASSOCIATES
1101-A North Little School Road
Arlington, Texas 76017
817.429.0956 - Telephone
817.496.4605 – Facsimile
jeff@hhattorneys.com
maggi@hansenattorneys.com

***ATTORNEYS FOR PLAINTIFF,***
***KCM RANCH HOLDINGS, LLC***

*/s/ Neyma E. Figueroa*
Neyma E. Figueroa